IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00366-GPG-CYC

ARYEL MYRICK,

Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Plaintiff Aryel Myrick seeks an amendment of the scheduling order to take depositions of defendant State Farm Fire and Casualty Company's corporate representative and its insurance adjuster out of time. ECF No. 69. Because she waited until the last day of discovery to request one deposition, and did not even mention the other one until six months later, she has not demonstrated the good cause necessary to amend the scheduling order. *See* Fed. R. Civ. P. 16(b). Her Motion to Amend and/or Modify Scheduling Order to allow the Deposition of Defendant and of Adjustor Jill Haddock is therefore **DENIED**.

**BACKGROUND**

In this case, the plaintiff alleges that the defendant, her insurer, breached its contract and unreasonably delayed or denied payment of insurance benefits following her automobile accident with an uninsured/underinsured motorist in 2019. ECF No. 4.

On March 18, 2025, this Court entered a scheduling order. ECF No. 16. The plaintiff identified the defendant and the "[i]nvolved [a]djuster" as among the witnesses she would

depose. *Id.* § 9.e. The deadline for fact discovery was October 17, 2025, *id.* § 9.c., and was subsequently extended via unopposed motion to November 3. ECF No. 22.

On the last day of discovery, the plaintiff sent the defendant a letter seeking to schedule a deposition of a State Farm corporate representative, *see* Fed. R. Civ. P. 30(b)(6), and listing eighty-two deposition topics. ECF No. 71-1. The next day, the defendant responded: discovery had closed, it said, and it would oppose reopening discovery for the deposition. ECF No. 71-2.

More than six months later, on May 11, 2026, the plaintiff requested the defendant's consent to reopen discovery for the purpose of conducting a Rule 30(b)(6) deposition and, for the first time, to depose adjuster Jill Haddock. ECF No. 71-3 at 2. The defendant opposed both requests. *Id.* The plaintiff took no further action at that time.

This motion followed six weeks later. ECF No. 69. The defendant filed a response in opposition. ECF No. 71. The plaintiff did not file a reply.

## ANALYSIS

As a preliminary matter, D.C.COLO.LCivR 7.1(d) requires that a motion state "under which rule or statute it is filed and be supported by a recitation of legal authority in the motion." The motion cites no authority supporting it or what rule it intends to invoke. That alone justifies denial of the motion. Consideration of its merits yields no different result.

As is often stated, a "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *See, e.g.*, *Lehman Bros. Holdings, Inc. v. Universal Am. Mortg. Co.*, 300 F.R.D. 678, 681 (D. Colo. 2014); *Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000). Scheduling order deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met

despite the movant's diligent efforts.'" *Cooper v. Colo. Dep't of Corr.*, No. 21-cv-02411-PAB-NYW, 2022 WL 2063229, at *3 (D. Colo. June 8, 2022) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Assoc.*, 771 F.3d 1230, 1242 (10th Cir. 2014)). "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Id.* (quoting *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000)). The party seeking amendment "must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quotation marks omitted).

The decision to modify the scheduling order to reopen discovery "is committed to the sound discretion of the trial court." *Leeling v. Walmart, Inc.*, No. 19-cv-03551-CMA-NRN, 2021 WL 2222718, at *5 (D. Colo. June 2, 2021) (quotation marks and citation omitted). The court's discretion is guided by six factors: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). Of these, diligence is the most important factor. *See Graves v. Wirta*, No. 20-cv-03595-NYW, 2022 WL 1443058, at *7 (D. Colo. May 6, 2022).

There, the plaintiff's motion falters from the outset. She has not shown that she could not have conducted the depositions during seven-and-a-half months of discovery "despite her diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019) (quotation marks and alterations omitted). Although she indicated her intent to depose the

defendant and the insurance adjuster in the scheduling order, she never noticed either deposition. *See* Fed. R. Civ. P. 30(b)(1) (providing that a party wishing to take a deposition "must give reasonable written notice to every other party," including "the time and place of the deposition"); D.C.COLO.LCivR 30.1 (providing that "reasonable notice for taking a deposition" generally "shall be not less than 14 days" beforehand). Instead, she waited until the last day of the discovery period to make a request to schedule the Rule 30(b)(6) deposition and, inexplicably, did not even mention deposing the insurance adjuster until six months after discovery closed. These belated requests are not consistent with the diligence demanded of a party seeking to amend a scheduling order to reopen discovery.

The plaintiff protests. She asserts that she could not timely take these depositions because the defendant did not produce "large portions of its claims handling manual" until the final day of discovery. ECF No. 69 at 2. She claims that these materials, totaling 11,000 pages, were necessary to prepare for the depositions of both witnesses. *Id.* at 2–3.

The plaintiff's argument that she was diligent but "ultimately thwarted by Defense counsel attempting to delay until discovery was closed" is belied by the undisputed factual record. *Barrick v. Bd. of Cnty. Commr's*, No. CIV-23-129-JFH-GLJ, 2024 WL 4680026, at *2 (E.D. Okla. Nov. 5, 2024) (quotation marks omitted). The plaintiff served her requests for written discovery on August 12, 2025. ECF No. 69-1. The defendant informed the plaintiff on September 2 that it would not provide certain requested information and/or documents without a protective order, and attached a joint motion for protective order and proposed protective order for the plaintiff's review. ECF No. 71-4 at 4. The defendant followed up by email on September 12, September 22, and October 7 to no avail. *Id.* at 1–3. The plaintiff did not substantively respond until October 13, objecting to the proposed protective order. *Id.* at 20–21. The defendant

sent an email on October 15, responding to the plaintiff's concerns, and offering to confer further regarding the protective order. *Id.* at 19–20. Plaintiff's counsel stated he was available to confer on October 17, but neither called nor picked up the defendant's call at the agreed-upon time. *Id.* at 14–19. The defendant reached out to reschedule, *id.* at 13, and the parties finally spoke on October 23, at which point plaintiff's counsel agreed to the proposed protective order as written. *Id.* at 7–8. The protective order was issued the next day, and the defendant produced the outstanding materials ten days later, November 3. ECF No. 69–3.

Contrary to the plaintiff's position, under these circumstances, the "failure to timely notice the deposition[s] to occur within the discovery period is the result of Plaintiff's own actions and decisions." *Barrick*, 2024 WL 4680026, at *2. She failed to serve discovery requests until nearly five months into the discovery period, failed to respond to the defendant's protective order motion for another six weeks, and then, after finally conferring ten days after that, withdrew her objections. The responsibility for the delay in the production of the claims handling manual therefore lies with the plaintiff. Furthermore, even without the claims handling manual, there is no reason that the plaintiff could not have at least noticed the depositions to take place within the discovery period, and then, if necessary, moved for an extension of time. *See Pepe v. Nat'l Tech. & Eng'g Sols.*, No. 1:25-cv-00537-GJF-LF, 2026 WL 2676062, at *6 (D.N.M. Sept. 11, 2026) (finding that motion to take Rule 30(b)(6) deposition out of time was properly denied where the plaintiff could have timely noticed deposition even without requested discovery).

Finally, on the question of diligence, the plaintiff did not file the instant motion until nearly eight months after discovery closed, and six weeks after the defendant reiterated its opposition to reopening discovery to conduct a Rule 30(b)(6) deposition and objected to taking the insurance adjuster's deposition out of time. The plaintiff provides no explanation for this

delay. *See Grays v. Blackhawk Acquisition, LLC*, No. 1:20-cv-00451-SKC, 2024 WL 3179541, at *4 (D. Colo. June 26, 2024) (denying plaintiff's motion "effectively seeking to reopen discovery" that closed five months before where the bases for motion were previously known). "A party seeking discovery after the deadline must have been diligent in both seeking discovery and seeking relief from the court when the requested discovery is not forthcoming." *Leeling*, 2021 WL 2222718, at *5. The plaintiff fails on both scores.

The remaining *Smith* factors reinforce the conclusion that reopening discovery for depositions is not warranted. The only factors that weigh in the plaintiff's favor are that the case has not been scheduled for trial and that the depositions will likely lead to relevant evidence. But in the context of this case, these factors are weak. Although no trial date has been set, the case is nearly two years old. "[S]cheduling orders are designed to offer a degree of certainty in pretrial proceedings, ensuring that at some point" discovery is concluded, and trial may commence. *Id.* (quoting *Rent-A-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 101 (S.D.N.Y. 2003)). Amending the scheduling order to allow two depositions that could have been taken earlier undermines this objective. As for the sixth factor, other than generally assisting in her "ability to understand Defendant's claims handling processes and how it came to the decision to deny [her] claim for UIM benefits," the plaintiff has not articulated in any detail what relevant evidence she anticipates discovering from these depositions. ECF No. 69 at 3. Nor has the plaintiff claimed that she is unable to obtain this evidence through other witnesses or sources. Under these circumstances, the plaintiff has not shown that her ability to prosecute her case will be seriously compromised absent an opportunity to take these depositions out of time.

In all events, these factors are more than offset by the remaining *Smith* factors, which decisively cut in the defendant's favor. The motion is opposed. The defendant will suffer

prejudice in the form of the additional time and money it will spend preparing for and defending the depositions, including reviewing, conferring about, and potentially litigating the propriety of the plaintiff's 82-topic Rule 30(b)(6) letter. Critically, as discussed, the plaintiff was not diligent in attempting to depose these witnesses or seeking the Court's intervention when the defendant opposed her belated requests. And finally, the plaintiff does not argue that new information revealed during the discovery process rendered the need for more time to take these depositions unforeseeable. To the contrary, the plaintiff indicated her intent to depose the defendant and the insurance adjuster in the scheduling order. Depositions of these witnesses are, after all, extremely common in cases asserting the unreasonable delay or denial of insurance benefits. And the plaintiff's argument that the timing of the claims manual disclosure necessitated a longer period for conducting these depositions has been previously considered and rejected.

Accordingly, under the *Smith* test, factors one and six weigh in the plaintiff's favor, albeit weakly, while factors two, three, four and five favor the defendant. On balance, and in particular, in light of the plaintiff's lack of diligence, discretion counsels against reopening discovery to permit taking the depositions out of time.

## CONCLUSION

For the reasons stated, the Plaintiff's Motion to Amend and/or Modify Scheduling Order to allow the Deposition of Defendant and of Adjustor Jill Haddock, ECF No. 69, is **DENIED**.

Dated this 20th day of November, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge